762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAUL W. BAKER, PLAINTIFF-APPELLANT,
v.
AILEENE LOVE, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-5377
 United States Court of Appeals, Sixth Circuit.
 4/3/85
 
 Appeal from the United States District Court, Middle District of Tennessee, Nashville Division
 Before: KENNEDY and CONTIE, Circuit Judges; and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Baker, a former inmate of the DeBerry Correctional Institute (DCI) in Tennessee, appeals from the dismissal of his Sec. 1983 action. He alleged a due process violation in being placed in administrative segregation without a hearing and without evidence that he was a threat to others. He sought money damages and injunctive relief expunging his stint in segregation from his record.
 
 
 2
 On August 5, 1980, a reclassification summary was completed by the staff of the DeBerry Correctional Institute (DCI), where Baker was incarcerated, noting that Baker had been generally hostile and was sexually harassing other inmates. The summary indicated that Baker would be placed in administrative segregation. On August 12, 1980, Baker was placed in administrative segregation where he remained until August 26, when he was transferred to Brushy Mountain Penitentiary (BMP).
 
 
 3
 Baker's original complaint named two defendants, Love and Dutton, the Warden and Associate Warden of DCI. Subsequent to appointment of counsel, Baker sought to amend the complaint adding defendants McAllister, Shefrin, Davis, Lively, and Clancy who were on the staff of either DCI or BMP. Each defendant except Clancy filed motions to dismiss or for summary judgment. Baker's appointed counsel failed to respond to these motions within the 20-day period set by the District Court's local rule 8(b)(3). The District Court assumed there was 'no objection to the motion,' and therefore dismissed the suit as to all defendants whose motions went unanswered. The court also provided alternative grounds for the dismissals, however, including the bar of a statute of limitations on claims against the defendants added in the amended complaint. As an alternative ground for summary judgment in favor of defendants Love and Dutton, the court found them entitled to qualified immunity. The court denied Baker's motion for reconsideration.
 
 
 4
 Baker appeals only with respect to defendants Love and Dutton. He raises four issues: 1) a violation of department regulations; 2) a violation of due process; 3) defendants' right to good faith immunity; and 4) right to injunctive relief.
 
 
 5
 I. Violation of Corrections Department Regulations
 
 
 6
 Accepting Baker's statement of the facts, there was a violation of department policy. The department's regulations provide that an inmate placed in administrative segregation is entitled to the same procedure as one placed in punitive segregation. See Department Regulations Sec. 4.601(5). The procedure calls for a hearing. See Department Regulations Sec. 4.601(3).
 
 
 7
 It does not appear, though, that Baker is entitled to any relief for this violation. He claims that the violation of regulations renders inappropriate summary judgment on the issues of immunity and liability. This is incorrect. The violation of the regulations is significant only if it amounts to a due process violation. Bills v. Henderson, 631 F.2d 1287 (6th Cir. 1980). The regulations are guidelines, implemented by the department to conform its procedures to the due process requirements announced in Crafton v. Luttrell, 378 F. Supp. 521 (M.D. Tenn. 1973). Tennessee law does not appear to provide any procedure by which an inmate may seek to redress a violation of the regulations. The mere violation of a regulation is not a constitutional violation.
 
 II. Due Process
 
 8
 In Bills, supra, this Court found that regulations involved in the instant case did in fact create a liberty interest. Bills held that an inmate in a Tennessee prison could not be transferred to administrative segregation without a modicum of due process. 'It is sufficient that the Disciplinary Board give the inmate a general statement of the reasons behind the transfer, including a statement regarding the 'triggering event', if one exists.' 631 F.2d at 1296. It does not appeal that Baker received such notice; however, since Bills was decided, the Supreme Court has issued an opinion which requires even less than Bills.
 
 
 9
 Hewitt v. Helms, 459 U.S. 460 (1983), expressly sets out the due process requirements attendant on a transfer to administrative segregation: 'petitioners were obligated to engage only in an informal, non-adversary review of the information supporting respondent's administrative confinement, including whatever statement respondent wished to submit, within a reasonable time after confining him to administrative segregation.' Id. at 472. Baker's segregation was indeed the subject of an informal, non-adversary review, including review of a letter written by Baker two days after he was confined to administrative segregation.
 
 III. Qualified Immunity
 
 10
 Even if we found a due process violation, defendants Love and Dutton would be entitled to qualified immunity. Under Harlow v. Fitzgerald, 457 U.S. 800 (1982), officials 'are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' 457 U.S. at 818. This would hold true even if it were determined that defendants had violated a clear state regulation. See Davis v. Scherer, 104 S.Ct. 3012 (1984). There is no colorable argument that Baker had any clearly established right in connection with the state regulations at the time of his segregation. Bills, which might have established such a right, was not decided until afterward, and the requirements set out in Crafton, supra, were not violated.
 
 IV. Injunctive Relief
 
 11
 Baker also seeks injunctive relief expunging any reference to his time in administrative segregation from his record. However, because any possible violation was with respect to a right not clearly established, Baker is not entitled to expungement. See Wolff v. McDonnell, 418 U.S. 539, 573-74 (1974); Bills, supra, at 1299.
 
 
 12
 The judgment of the District Court is affirmed.
 
 
 
 *
 Honorable Horace W. Gilmore, United States District Court for the Eastern District of Michigan, sitting by designation